UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

HARRY LOUIS,

                        Plaintiff,

-against-

CITY OF NEW YORK; Police Officer SALIM
RANDALL, Shield No. 15331; Police Officer
CHRISTIAN DELACRUZ, Shield No. 9808; Police
Officer OSCAR POLANCO, Shield No. 672 and JOHN
and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being
fictitious, as true names are presently unknown),

                        Defendants.

------------------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND ORDER**

11 CV 93 (ERK)(RLM)

      **WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

      **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff and defendants, as follows:

      1. As used herein, "Confidential Materials" shall mean a) New York City Police Department ("NYPD") personnel and disciplinary related records, b) records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, c) documents that the parties

agree are subject to this Order, and d) any document that the Court directs to be produced subject to this Order. Such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

> a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.
>
> b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.
>
> c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, ~~the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.~~ those papers shall be filed under seal via ECF, and a copy of those papers, redacted to omit only those portions that reveal Confidential Materials, shall be publicly filed via ECF.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, (other than those in the Court's possession) shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall

not be disclosed to plaintiff, his family members, or other persons, and such information shall not be include in documents publicly filed with the Court.

Dated: June 2, 2011
      New York, New York

| | |
|---|---|
| _____<br>Gabriel P. Harvis, Esq.<br>*Attorney for Plaintiff*<br>305 Broadway, 14th Floor<br>New York, New York 10007<br>(212) 323-6880 | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>100 Church Street, 3-221<br>New York, N.Y. 10007<br>(212)788--1096<br>ssud@law.nyc.gov<br><br>By: _____<br>    SUMIT SUD<br>    Assistant Corporation Counsel<br>    *Attorney for Defendants* |
| | |

SO ORDERED:

_____
UNITED STATES MAGISTRATE OR DISTRICT JUDGE

SO ORDERED.
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 6/3/11

- 4 -

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated in the action entitled <u>Harry Louis v. City of New York, et. al.</u>, 11 CV 93 (ERK) (RLM) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____
Date                                                                        Signature

                                                                                           _____
                                                                                           Print Name

                                                                                           _____
                                                                                           Occupation

- 5 -